34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel GULLEY, Plaintiff-Appellant,
v.
ALUMINUM COMPANY OF AMERICA, Defendant-Appellee.
 No. 94-3075.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Daniel Gulley, pro se, appeals a district court order granting summary judgment to the defendant in this case filed pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000e, et seq. The defendant is the Aluminum Company of America (ALCOA) with whom Gulley was employed from July 5, 1989, through March 1, 1992. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Gulley alleged that he was a victim of racial discrimination when ALCOA, through its supervisors, gave him an "audit rating" on his performance evaluation lower than the number that he believed he should have received. As explained by the district court, these "audit ratings" are the equivalent of performance evaluations given to employees of ALCOA on an annual basis. Gulley complained that he was denied the opportunity for a promotion based on this March 1991 rating. Gulley filed a charge with Equal Employment Opportunity Commission (EEOC) on February 18, 1992, on the basis of this allegedly unfair evaluation. He received a notice of right to sue from the EEOC on October 19, 1992.
 
 
 3
 Considering the action on cross-motions for summary judgment, the district court first determined that Gulley had failed to provide sufficient evidence that he was treated differently than similarly situated non-minority persons at ALCOA and had failed to adequately show a connection between the allegedly discriminatory act and his race. Therefore, Gulley failed to establish two of the three elements essential to a prima facie case of discrimination under Title VII. See Cooper v. City of North Olmsted, 795 F.2d 1265, 1270 (6th Cir.1986). The district court found that other white engineers to whom Gulley compared himself were not similarly situated. It also found that Gulley had not established that these other employees, even had they been similarly situated, received preferential treatment. Accordingly, the court granted the defendant's motion for summary judgment, denied the plaintiff's motion for summary judgment and dismissed the complaint. On appeal, Gulley repeats his allegations presented in the district court.
 
 
 4
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 5
 It is well-established that the burden is on an employment discrimination plaintiff to establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In a claim of disparate treatment, the plaintiff must produce evidence which, at a minimum, establishes: 1) he was a member of a protected class; and 2) that for the same or similar conduct he was treated differently than similarly situated non-minority employees. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). In Cooper, this court delineated the requirements of establishing a prima facie case as follows: 1) the plaintiff must show that he was a member of a racial minority; 2) the plaintiff must show that he and a similarly situated non-minority person received dissimilar treatment; and 3) the plaintiff must present sufficient evidence from which the court can find a causal connection between race and the alleged acts of the defendant. Cooper, 795 F.2d at 1270. Applying the standards found in both Mitchell and Cooper, we conclude that Gulley is not entitled to relief.
 
 
 6
 It is undisputed that, being black, Gulley has met the burden of showing that he is a member of a protected class. However, the district court properly determined that the white engineers used by Gulley in his attempt to show dissimilar treatment were not similarly situated in all respects, so that a true comparison could be made. Mitchell, 964 F.2d at 583. Even assuming these white engineers were similarly situated, Gulley has not established that the other engineers received preferential treatment. Gulley's conclusory allegation that his supervisor was motivated by racial animus is insufficient to withstand a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's order granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.